Dear Ms. Shirley:
Your opinion request presents a dual office holding question. Specifically, you ask if it is permissible for an elected town alderman in Ferriday, Louisiana to, at the same time, serve as an appointed Fire Chief for the Concordia Parish Fire District No. 2. You further state that the fire district was created and the district board was appointed by the Concordia Parish Police Jury.
The position of town alderman is an "elective office" under the dual office holding law, LSA R.S. 42:62(1).
The position of fire chief is a full-time job and is appointed by the fire district board. The question to be answered is whether or not that position fits the dual office holding definition of "appointive office" or "employment". If it is "employment", the situation is allowed, if it is an "appointive" office, it is prohibited.
LSA R.S. 42:62(2) states as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
The fire district is a subdivision of the state, LSA R.S.40:1492(c),
 LSA R.S. 40:1492 Fire Protection Districts Power to create: boundaries constitute state subdivisions for tax and bond purposes
 (c) Fire protection districts so created are subdivisions of the state within the meaning of the laws of this state relating to voting and levying of special maintenance taxes, incurring debt . . .
The position of fire chief in District No. 2 is appointed by the Board of Supervisors of the Fire District, which Board is appointed by the Concordia Parish Police Jury, see Ordinance No. 553 of the Police Jury dated October 9, 1989.
Therefore, the position is one filed by appointment by "an elected or appointed public official or by a governmental body composed of such officials" see LSA R.S. 42:62(2).
The only remaining question is whether or not the position of fire chief is one "specifically established or specifically authorized by the constitution or laws . . . or by the charter or ordinance." Ordinance No. 553 does not specifically authorize the position of fire chief. However, in our opinion, state statutes authorize this position. In LSA R.S. 33:1972, the statute dealing with fire district personnel, the following is stated:
§ 1972. Fire districts; personnel
 A. In all cities having a population of not less than thirty-five thousand and not more than two hundred and fifty thousand inhabitants, and in all parishes and fire protection districts, fire districts are hereby established within the fire departments. No more than four fire stations in service shall be included within each fire district.
 B. (1) In each such fire department, an assistant or deputy fire chief shall be on active duty on an assigned shift at all times, shall have general supervision over all fire districts, and shall be under the supervision of the chief of the fire department.
This statute provides for a fire chief.
In municipalities and parishes with fire and police civil service provisions, the position of chief is established, LSA R.S. 33:2481A(1). In that the statute dealing with fire protection districts calls for a chief of the fire department, that position is authorized by statute; therefore the position is clearly an appointive office under the dual office holding law.
Considering the above, we find that an elected town alderman cannot hold the position of appointed fire chief in the Concordia Parish Fire Protection District No. 2 under the prohibition of LSA R.S. 42:63D as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. (Emphasis added).
We hope the foregoing answers your question, and remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR/vs-0538e